UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Mondor, | Case No. 23-CV-2511 (NEB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Paul Schnell, Michelle Smith, Guy Bosch, Lisa Stenseth, C. Connors, Lt. David Spets, Leslie Strobel, Jesse Pugh, Victor Wanchena, and Ashlee Berts, | |
| Defendants. | |

Plaintiff David Mondor brings this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. When he initiated this lawsuit he was a prisoner of the State of Minnesota. Mr. Mondor alleged[1] that due to his vulnerabilities and criminal history he was at a heightened risk of attack from other prisoners, and though prison officials knew of the danger, they failed to take adequate steps to protect him from it. (*See* ECF No. 1; ECF No. 3.) As a remedy, Mr. Mondor requested a transfer away from the general prison population and into protective custody or a mental health unit. He also requested $200,000 in monetary damages. (*See* ECF No. 1 at 5; ECF No. 3 at 7.)

Soon after he filed his complaint, Mr. Mondor's term of imprisonment ended and officials transferred him to a Minnesota Sex Offender Program ("MSOP") facility, where he now resides. Because Mr. Mondor was a prisoner when he commenced this litigation, the Court directed him to

---

[1] The Court has interpreted both the document docketed as the Complaint (ECF No. 1) and the document docketed as a "Notice" (ECF No. 3) as collectively comprising the operative pleadings in this matter.

1

pay an initial partial filing fee of at least $17.49, consistent with 28 U.S.C. § 1915(b), to continue prosecuting it. *See* Order of September 5, 2023 (ECF No. 6). The Court warned Mr. Mondor that his lawsuit appeared in large part to have become moot, since at that point he had already been transferred out of the prison. (*Id.* at 2, n.3.) The Court further warned Mr. Mondor that, under 42 U.S.C. § 1997e(e), compensatory damages are not available for mental or emotional injury suffered while in custody without a prior showing of "physical injury or the commission of a sexual act"—neither of which Mr. Mondor alleged occurred. (*Id.*) Nevertheless, Mr. Mondor elected to pay the initial partial filing fee for this matter and prosecute this litigation.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level …." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as

2

factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but the pleading still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pleadings in this matter may be interpreted reasonably as raising two types of claims: (1) A failure-to-protect claim arising under 42 U.S.C. § 1983; and (2) tort claims arising under state law.  A plaintiff may bring claims under section 1983 against an individual defendant in the defendant's personal capacity or in the defendant's official capacity as an agent of a political entity (such as a state, county, or municipality).  Mr. Mondor specifies that he sues Defendant Paul Schnell in his official capacity (*see* ECF No. 3).  Since Mr. Mondor's pleadings are silent with respect to the remaining Defendants, the Court must interpret the pleadings as raising only official-capacity claims against those Defendants as well, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

This is a substantial problem for Mr. Mondor insofar as he seeks monetary damages.  Each of the Defendants is an agent of the State of Minnesota, such that a suit against the Defendants in their official capacities is essentially a suit against the State of Minnesota itself.  *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).  The Eleventh Amendment bars claims for monetary damages against states, and further bars claims seeking monetary damages from state officials sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The Eleventh Amendment does not bar claims for injunctive relief under section 1983 against state agents sued in their official capacities.  *See Ex parte Young*, 209 U.S. 123 (1908).  Mr. Mondor no longer is in a position to receive the injunctive relief he requests, however.  Mr. Mondor requests a court order requiring prison officials to transfer him away from the general prison population, but this has already occurred.  In fact, Mr. Mondor is no longer in prison at all.

"The Eighth Circuit has consistently held that a prisoner's transfer to a different facility in which the alleged unlawful conduct no longer exists renders that prisoner's request for injunctive relief moot." *Akehurst v. Mundt*, No. CIV. 01-574 JRT/RLE, 2002 WL 1729521, at *2 (D. Minn. July 23, 2002) (collecting cases). The same logic applies here. Mr. Mondor's request for injunctive relief became moot almost immediately after he filed this lawsuit, when prison officials released and transferred him to MSOP. The Court concludes that neither monetary nor injunctive relief is available in this action under section 1983, since Mr. Mondor sues Defendants only in their official capacities and he no longer resides in the prison facility at issue.

Moreover, any claim for monetary relief Mr. Mondor might have intended to plead against Defendants in their personal capacities would not be viable. The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation omitted). But "[b]ecause a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). The "actual injury" need not necessarily be physical harm (which Mr. Mondor does not allege he has suffered), *see id.* at 449, because a sufficiently serious and omnipresent threat of danger could result in sufficient mental anguish to establish the kind of actual injury actionable under section 1983, but isolated threats generally are insufficient to establish an objective danger of serious harm in the custodial context, *see, e.g.*, *Bilder v. Hawkins*, No. 20-CV-1675 (PAM/KMM), 2020 WL 6947860, at *2 (D. Minn. Oct. 21, 2020). Furthermore, under section 1997e(e), compensatory damages for mental harms suffered while in custody without a prior sexual act or physical injury are not compensable. Mr. Mondor thus cannot obtain monetary relief under section 1983 based on the allegations pled.

Mr. Mondor's pleadings also may be construed as raising tort claims under state law. The Court has subject matter jurisdiction over Mr. Mondor's section 1983 claim through 28 U.S.C. § 1331, which supplies original jurisdiction to federal courts over cases presenting questions of federal law. But Mr. Mondor's state law claims present no such federal question of law, and thus section 1331 cannot serve as a basis for original jurisdiction over those claims. Nor does 28 U.S.C. § 1332 serve as a basis for original jurisdiction over the state law claims, since Mr. Mondor does not allege the parties are of diverse citizenship. Lacking original jurisdiction, the Court could reach the merits of the state law claims only if it extended supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. But the Eighth Circuit has cautioned federal courts against exercising supplemental jurisdiction when, as the Court recommends in this case, all federal law claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). The Court recommends declining supplemental jurisdiction for this reason.

The Court thus recommends that this matter be dismissed without prejudice in its entirety. The claims asserted under section 1983 should be dismissed pursuant to § 1915A(b), and the state law claims should be dismissed for lack of jurisdiction. In light of this recommendation, the Court further recommends Mr. Mondor's pending application to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** as follows:

    a. The claim arising under 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b); and

    b. All state law claims be dismissed for lack of jurisdiction.

5

    2.     Mr. Mondor's application to proceed *in forma pauperis* (ECF No. [5]) be **DENIED**.

Dated: November 13, 2023
                                       *s/ Dulce J. Foster*
                                       Dulce J. Foster
                                       United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).