UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MONDOR, | Case No. 23-CV-2511 (NEB/DJF) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL SCHNELL, MICHELLE SMITH, GUY BOSCH, LISA STENSETH, C. CONNORS, LT DAVID SPETS, LESLIE STROBEL, JESSE PUGH, VICTOR WANCHENA, and ASHLEE BERTS | |
| Defendants. | |

Plaintiff David Mondor filed this *pro se* 42 U.S.C. Section 1983 action, alleging that prison officials failed to protect him from other inmates. He seeks damages and injunctive relief. In the Report and Recommendation ("R&R"), United States Magistrate Judge Dulce J. Foster recommends that the Court dismiss Mondor's case. (ECF No. 9 ("R&R").) Mondor timely filed a letter to the Court, which the Court construes as an objection. (ECF No. 13; *see* ECF No. 11); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that courts must liberally construe *pro se* filings). Based on a *de novo* review, the Court overrules Mondor's objection and accepts the R&R.

Mondor objects to the R&R's conclusion that he failed to allege a prior physical or sexual assault. (ECF No. 13; *see* R&R at 2, 4.) To state a plausible failure-to-protect claim

under Section 1983, Mondor must allege that he suffered an "actual injury." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). An actual injury is an objectively serious mental or physical injury, or where the conditions are likely to cause serious injury in the future. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010). In addition, to recover for a mental injury that occurred while in custody, Mondor must allege that he suffered a prior physical injury or sexual assault. 42 U.S.C. § 1997e(e).

The Court need not determine whether Mondor plausibly alleged an actual injury because his damages claims are barred under the Eleventh Amendment. "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Mondor specifies that he sues Defendant Schnell in his official capacity (ECF No. 3[1]), but his pleadings are silent with respect to the other defendants. (*See id.*; ECF No. 1.) Where a complaint is silent about the capacity in which the defendants are being sued, the Court must interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). The requirement "that personal capacity claims be clearly pleaded" is strictly enforced in this Circuit, even against *pro se* plaintiffs. *See, e.g., Gray v. Arkansas Dep't of Hum. Servs.*, 406 F. App'x 84 (8th Cir. 2010) (per curiam)

---

[1] The Court construes the "Notice" (ECF No. 3), which was filed on the same day as the complaint, as part of the operative pleadings in this case.

(involving *pro se* plaintiff). Because the Court must interpret the complaint as including only official-capacity claims, Mondor's damages claims are dismissed.

The complaint also seeks injunctive relief—specifically, a court order requiring prison officials to transfer him out of the general prison population and into protective custody or a mental health unit. A prisoner's claim for injunctive relief becomes moot once the prisoner is transferred to another facility and no longer subject to alleged unlawful conduct. *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009). Shortly after filing his complaint, Mondor was transferred to the Minnesota Sex Offender Program. (*See* ECF No. 8.) As a result, Mondor's request for injunctive relief is moot.[2]

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Mondor's Objection (ECF No. 13) is OVERRULED;

2. The Report and Recommendation (ECF No. 9) is ACCEPTED;

3. The action is DISMISSED; and

4. Mondor's application to proceed *in forma pauperis* (ECF No. 5) is DENIED.

---

[2] To the extent that Mondor's pleadings may be construed as raising state tort claims, the Court declines to exercise supplemental jurisdiction over those claims, and they are dismissed. *See Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 767 (8th Cir. 2016) ("A district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed.")

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 11, 2024                    BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge